# UNITED STATES DISTRICT COURT

For the

District of Massachusetts

RAHHALI SAMIRA

Plaintiff

V.

Docket Number: 1:20-CV-11411

AIR FRANCE INDUSTRIE US, INC.

Defendant

## COMPLAINT AT LAW

## TABLE OF CONTENTS

1. INTRODUCTION

2. JURISDICTION AND VENUE

3. THE PARTIES

4. STATEMENT OF FACTS

5. CLAIMS FOR RELIEF

COUNT I

BREACH OF DUTY OF CARE

NEGLIGENCE

COUNT II

STRICT LIABILITY

STRICT LIABILITY

COUNT III

NEGLIGENCE

COUNT IV

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

COUNT V

HEDONIC DAMAGES

PRAYER FOR RELIEF

JURY DEMAND

# 1. INTRODUCTION

1. This action arises from an onboard accident involving the plaintiff, inside Air France International flight. SAMIRA RAHHALI (hereinafter known as the "Plaintiff"), is a 57-year-old citizen of the United States, living in Boston Massachusetts. She suffered a concussion, post-concussive syndrome, neck, and shoulder injuries due to an onboard accident inside Air France Airline Flight Number AF 1897 en route from Casablanca Morocco to Boston, via Paris, on December 24, 2018, when a hard case laptop fell on her head from the overhead bin.

2. The accident occurred when plaintiff was seated and resting on her assigned seat, and one of Air France hostess opened the luggage compartment above her head, causing a heavy and hard laptop to fall on Plaintiff's head.

3. Following the accident, Air France staff gave the Plaintiff "first aid" treatment by placing ice over her head and by providing her with what is believed to be analgesics. On disembarkation, Plaintiff was transported via ambulance accompanied by EMT personnel to Massachusetts General Hospital, where she was treated by Darlene Marie Ramos, MD and advised to stay out of work for at least two weeks. Plaintiff was treated at Massachusetts General Hospital and Tufts Hospital here in Boston. Although the Doctor at Massachusetts General Hospital opined that treatment goals were obtained, the Plaintiff continues to experience intermittent pains and some neurological deficits. Plaintiff is still being seen by a neurologist and an optician due to the symptoms she is experiencing. The medical bills at present totals $24,680.73.

## 2. JURISDICTION AND VENUE

4. This Honorable Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. sec. 1331(a) in that this matter arises under the laws and treaties ratified by the United States, including the Convention for the Unification of Certain Rules for International Carriage by Air, 1999 (hereinafter "Montreal Convention 1999"). The Flight involves International carriage of passengers between France and United States, both of whom are signatories to the Montreal Convention 1999, which specifically removes limitations on damages.

5. The Court also has jurisdiction of this case pursuant to 28 U.S.C. sec. 1332, as it involves dispute between Plaintiff, United States citizen domiciled in Massachusetts, and Defendant corporation incorporated in Delaware and conducting business out of Boston, and the amount in controversy exceeds the jurisdictional minimum of this court.

6. Venue is proper in this District pursuant to 28 U.S.C sec. 1391 because the defendant is a resident Delaware, advertises and gets substantial amount of its business from Massachusetts, Pursuant to International Shoe standard.

7. Article 33 of the Montreal Convention provides that there are five forums in which a plaintiff may bring claims against a carrier, viz:

1. the domicile of the carrier.

2. the principal place of business of the carrier.

3. the place where the airline ticket was purchased.

4. the place of destination and,

5. in personal injury cases, the principal and permanent place of residence of the plaintiff.

## 3. THE PARTIES

### A. PLAINTIFF

8. Plaintiff, Samira Rahhali, was a passenger on board Air France Flight AF 1897 (CMN/CGD) on December 24, 2018, when the accident happened. Plaintiff's ticket for the Flight had been purchased in Boston Massachusetts with a return flight and final destination in Boston Massachusetts.

Plaintiff is a resident of Massachusetts and a citizen of the United States.

## B. DEFENDANT

9. At all times relevant, Defendant AIR FRANCE INDUSTRIE US, INC. is a foreign corporation and the flag carrier of France, it is incorporated in Delaware and does business all over the United States. It does business in Boston Massachusetts and it is located at Terminal E, 1 Harborside Dr, at Boston Logan International Airport. The defendant is, and at all times relevant was, a common carrier for hire in the business of soliciting and/or transporting passengers for regularly scheduled flights in and out of Boston Massachusetts and throughout the world.

10. Plaintiff is informed and believe, and on that basis allege that Defendant is doing business and driving substantial revenue in this district from international flights it operates in and out of this district. Defendant AIR FRANCE INDUSTRIE US, INC. is and at all times relevant was, a common carrier within the meaning of the Montreal Convention 1999.

## 4. STATEMENT OF FACTS

11. SAMIRA RAHHALI, is a 57-year-old citizen of the United States, living in Boston Massachusetts. She suffered a concussion, post-concussive syndrome, neck, and shoulder injuries due to an onboard accident inside Air France Airline. A hard case laptop fell on her head from the overhead bin on AF 1897 (CMN/CGD) on December 24, 2018.

12. On or about December 24th, 2018, SAMIRA RAHHALI boarded AIR FRANCE airline from Casablanca to Paris en route to Boston. As she was seated and resting, on her assigned seat, one of Air France hostesses opened the luggage compartment above her head, causing a heavy and hard laptop to fall on SAMIRA'S head.

13. Following the accident, Air France staff gave SAMIRA "first aid" treatment by placing ice over her head and by proving her with what is believed to be analgesics. On disembarkation, SAMIRA was transported via ambulance accompanied by EMT personnel to Massachusetts General Hospital, where she was treated by Darlene Marie Ramos, MD and advised to stay out of work for at least two weeks. Due to the seriousness of the injury, the plaintiff was unable to work for more than 3 months. Plaintiff was treated at Massachusetts General Hospital and Tufts Hospital here in Boston. Although the Doctor at Massachusetts General Hospital opined that treatment goals were obtained, the plaintiff continues to experience intermittent pains and some neurological deficits. Plaintiff is still being seen by neurologist and optician due to the symptoms she is experiencing. The total medical bills as of date is $24,680.73.

14. Both parties have tried to settle this case out of court but were unable to agree.

## 5. CLAIMS FOR RELIEF

## COUNT I

## BREACH OF DUTY OF CARE

15. Plaintiff incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

16. At all times relevant, Defendant AIR FRANCE INDUSTRIE US, INC., is the owner and operator of Air France aircraft/airline AF 1897 (CMN/CGD), that was involved in the onboard accident.

17. At all times relevant, Defendant is the employer of all the cabin and crew member on duty at the time of the accident including all the air hostesses. The hostess that opened the luggage compartment above the plaintiff's head, was acting within the scope of her employment.

18. At all times relevant, Defendant breached its duty of care to the plaintiff but opening the overhead luggage compartment without regard to the plaintiff's safety.

19. As a direct result of Defendant's negligence, carelessness, gross negligence, recklessness, and/or otherwise wrongful acts and/or omissions hereinabove set forth, the plaintiff was injured.

20. As a direct and legal result of the wrongful acts and/or omissions herein above set forth, Plaintiff suffered serious injuries and continues to suffer the pain and impact of those injuries.

21. As a direct and legal result of the wrongful act and/or omissions of the defendant, plaintiff suffered and continues to suffer ill health, loss of consortium, loss of income, grief, and mental suffering in an amount to be determined at trial.

22. As a further direct and legal result of the wrongful conduct of the defendant set forth above, the plaintiff incurred medical expenses in an amount to be proved at trial.

23. The harm to the plaintiff was foreseeable in nature and scope.

24. As set forth above and as will be shown by proof, there is a high degree of certainty that plaintiff has suffered those injuries and damages, and that there is an extremely close connection between those injuries and damages and defendant's conduct. A high degree of blame attaches to the defendant's conduct and policy of preventing future harm justifies both the recognition of the existence of a duty of care owed by the defendant to the plaintiff and imposition of all damages described above.

25. Based on the foregoing, the defendant acted with a knowing conscious disregard for the safety of the plaintiff, such that plaintiff request that the trier of fact, in the exercise of sound discretion, award plaintiff additional damages sufficient to deter defendant future willful and wanton acts of negligence, in an amount reasonably related to plaintiff's actual damages.

## COUNT II

## STRICT LIABILITY

26. Plaintiff incorporate and re-allege each of the paragraphs set forth above as though fully set forth herein.

27. The defendant in this action is strictly liable for the harm it caused the plaintiff. Defendant, being a common carrier, is held to the highest standard of safety for its operations. "The law imposes a heightened duty of care on common carriers, and as a result, they must act with high degree of care and use the vigilance of a very cautious person in order to protect passengers from potential harm."

28. Evidently, under **RES IPSA LOQUITOR**, the air hostess did not exercise due care to protect the plaintiff when she opened the luggage compartment, and this resulted in injury to the plaintiff. An employee of Air France was the proximate and legal cause of the accident that injured the plaintiff, and it was "an unusual or unexpected event that is external to the plaintiff." Air France is vicariously liable for the plaintiff's injuries. Under the **Montreal Convention 1999**, the plaintiff does not have to prove negligence.

29. Under Articles 17 and 21(a) of the Montreal Convention 1999, the defendant is strictly liable to plaintiff for provable damages of up to 113,100 SDRs (which equates to approximately U.S. Dollar $157,000)

30. In addition, under Article 21(2) of the Montreal convention, due to the negligence, carelessness, gross negligence, and/or recklessness hereinabove set forth and the injuries and damages attendant thereto plaintiff seek damages in excess of $157,000, according to proof at the time of trial, as hereinabove alleged.

## COUNT III

### NEGLIGENCE

31. Plaintiff incorporates and re-allege each of the paragraphs set forth above as though fully set forth herein.

32. At all times relevant, the defendant was a common carrier engaged in the business of providing air transportation for fare-paying passengers on international flights. As a common carrier, the defendant owed the plaintiff a duty of utmost care and vigilance for the safe transport of passengers. As the holder of an Air Carrier Operating Certificate (AOC) authorized to serve as a common carrier in air transportation, the defendant owed a duty of care to the plaintiff, consistent with the requirement that it operate its aircraft in the safest manner. Defendant also had a common law duty to operate and maintain a standard equal to the highest possible degree of safety.

33. At all times relevant, defendant breached its duty of care to the plaintiff as a passenger onboard Flight AF 1897 (CMN/CGD, for its failure to safely operate, manage, handle and control Flight AF 1897 (CMN/CGD and/or adequately and appropriately train its crew on how to properly handle luggage stored in the overhead compartment.

34. As a direct result of Defendant's negligence, carelessness, gross negligence, recklessness and/or otherwise wrongful acts and/or omissions hereinabove set forth, the plaintiff suffered injuries and continue to suffer pain, ill health, loss of consortium, loss of income, grief, and mental suffering in an amount to be determined at trial.

## COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

36. As a common carrier, the defendant is held to the highest standard of safety for its operations. Plaintiff was owed a duty of due care by Defendant to ensure that she is transported safely to her destination
Defendant failed to exercise the duty of care to prevent harm suffered by the Plaintiff because of the defendants' negligence.

37. The aforementioned negligent acts and omissions of Defendant, which resulted in serious injury to the plaintiff, justifies the award of punitive and exemplary damages, against the defendant, for its grossly negligent conduct, in an amount to be determined at the time of trial.

## COUNT V

### HEDONIC DAMAGES

38. Plaintiff incorporates and re-alleges each of the paragraphs set forth above as though fully set forth herein.

39. As a result of the defendant's action/inaction, the plaintiff suffered and continue to suffer loss of quality or enjoyment of life. The value of her statistical life (VSL) has been negatively impacted. The recurrent pain and suffering have made it impossible for her to engage in any meaningful social life or activity. The defendant is liable to the plaintiff for loss of value of statistical life in an amount to be determined at trial.

### IV

### PRAYER FOR RELIEF

**Wherefore,** plaintiff prays for judgment against the defendant as follows:

1. For general damages in the amount according to proof at trial and beyond the jurisdictional minimum of this court;

2. For compensatory damages, including economic loss, lost wages, past, and future and/or impairment of power to earn money, and hedonic damages in the amount according to proof at trial;

3. For damages to plaintiff due to physical pain, emotional distress, injuries, past and future medical bills;

4. For interest upon any judgment entered as provided by law;

5. For cost expended herein, including reasonable attorney's fees;

6. For such other further relief as the Court may deem just and proper.

## V

## JURY DEMAND

Plaintiff demand a trial by jury as to all claims in this action

Dated July 17, 2020

Respectfully Submitted
Christian N Okonkwo,
Attorney for Plaintiff

Signed: _____

Christian N. Okonkwo
BBO#680306
140 Union Street, Suite 312
Lynn, MA 01901
Tel: (617) 417 0560
Fax: 781 842 7292

## CERTIFICATE OF SERVICE

I, Christian N. Okonkwo, hereby certify that on this 27th day of July 2020, I caused a copy of the foregoing to be served Defendant's attorney Sarah G. Passaeri, by certified mail, at:

Holland and Knight
31 West 52nd Street
New York, NY 10019

Respectfully submitted,

Christian N. Okonkwo, Esq.
Attorney for Plaintiff